LANE, Appellant,

v.

RUSSELL, Warden, et al., Appellees.

[Cite as *Lane v. Russell* (1996), 109 Ohio App.3d 470.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–10–101.

Decided Feb. 20, 1996.

Stacy Lane, pro se.

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellees.

---

POWELL, Judge.

In May 1975, plaintiff-appellant, Stacy Lane, was indicted on one count of aggravated murder and one count of aggravated robbery in violation of R.C. 2903.01 and 2911.01. Appellant entered not guilty pleas to both charges and the case was tried to a jury. Appellant was convicted of both aggravated murder and aggravated robbery and sentenced to death.

On appeal, the United States Supreme Court vacated appellant's death sentence. See *Lane v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3148, 57 L.Ed.2d 1155. The trial court then resentenced appellant to life imprisonment. Appellant was transported to Lebanon Correctional Institution ("LCI") where he began serving his sentence.

Appellant was subsequently indicted on one count of murder after he killed his cellmate by stabbing him twelve times with a homemade knife. Appellant entered a not guilty plea to the charge and the case was tried to a jury in the Warren County Court of Common Pleas. The jury acquitted appellant of the murder charge. Appellant was then returned to LCI where prison officials placed him in "administrative control" pursuant to Ohio Adm.Code 5120–9–13(B)(1) because he had demonstrated "assaultive, predatory, or other dangerous criminal conduct" while incarcerated.

On March 23, 1995, appellant brought suit against appellees, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, Wilkinson's designee, Roger T. Overberg, and Harry K. Russell, Warden of LCI. The complaint alleged that appellees had violated appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution by placing him in administrative control. The parties subsequently filed cross-motions for summary judgment. The trial court overruled appellant's motion for summary judgment and sustained appellees' motion for summary judgment in an entry dated September 12, 1995. Appellant now appeals setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of Plaintiff–Appellant by failing to grant his motion for Partial Summary Judgment.

"Assignment of Error No. 2:

"The trial court erred to the prejudice of Plaintiff–Appellant by granting Summary Judgment to Defendant–Appellees."

Appellant contends that the trial court erred both in overruling his motion for summary judgment and in sustaining appellees' motion for summary judgment. Civ.R. 56(C) specifically provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884.

Appellant first argues that appellees violated his Eighth Amendment right to freedom from cruel and unusual punishment by placing him in administrative control pursuant to Ohio Adm.Code 5120–9–13(B)(1). We disagree. The Eighth Amendment does not prohibit prison officials from using disciplinary confinement as a means of enforcing prison regulations which prohibit inmates from engaging in violent conduct. See *Hutto v. Finney* (1978), 437 U.S. 678, 686, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522, 532. Accordingly, the trial court properly found that appellant's Eighth Amendment claim is without merit.

Appellant next argues that appellees violated his Fourteenth Amendment right to procedural due process by placing him in administrative control. Again, we must disagree. The protections afforded by the Fourteenth Amendment Due Process Clause apply only where the state seeks to infringe a protected liberty or property interest. *Boddie v. Connecticut* (1971), 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119; *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 299, 16 O.O.3d 350, 351, 405 N.E.2d 714, 715. A decision by a prison official to place an inmate in disciplinary confinement does not implicate a constitutionally protected liberty interest because this form of confinement does not impose a significant hardship on the inmate beyond the ordinary incidents of prison life. *Sandin v. Conner* (1995), 515 U.S. ——, ——, 115 S.Ct. 2293, 2303, 132 L.Ed.2d 418, 433–434. Appellant's due process claim is therefore without merit.

Appellant also argues that appellees violated the Fifth Amendment protection against double jeopardy by placing him in administrative control after he had already been acquitted of murder. Constitutional matters not presented and argued at the trial court level cannot be considered for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201–202, 489 N.E.2d 277, 279; *State v. Childs* (1968), 14 Ohio St.2d 56, 61, 43 O.O.2d 119, 122–123, 236 N.E.2d 545, 548–549. Our review of the record indicates that appellant did not preserve the issue of whether appellees violated the constitutional protection against double jeopardy for appellate review by raising it in a timely manner

during the proceedings in the court below.[1]  Therefore, we are precluded from considering this issue on appeal.

In sum, we find that no genuine issues of material fact exist with respect to any of the constitutional claims brought by appellant and that appellees are entitled to judgment as a matter of law.  Accordingly, the trial court properly granted appellees' motion for summary judgment and overruled appellant's motion for summary judgment.  Appellant's first and second assignments of error are overruled.  The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.

1. Appellant did file a motion to amend his complaint to include a Fifth Amendment double jeopardy claim after the parties had filed their cross-motions for summary judgment and the appropriate responsive memoranda.  However, the trial court did not grant appellant leave to amend his complaint pursuant to Civ.R. 15.  We find no abuse of discretion by the trial court in denying appellant's motion for leave to amend under these circumstances.