Defendant-appellant, Larry A. Lee, appeals his conviction of felonious assault in violation of R.C. 2903.11(A)(1).
The sole basis for appellant's appeal, raised in his first assignment of error, is that the trial court erred by empaneling a deaf juror and by having an interpreter in the jury room during deliberations.
A reviewing court will not consider an error which "counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when the error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d, paragraph three of the syllabus; Lane v. Russell (1996), 109 Ohio App.3d 470,473.
Our review of the record indicates that appellant did not preserve the issue of whether he was prejudiced by the empaneling of a deaf juror or by the use of an interpreter by raising it before the trial court. Although the trial court began the proceedings by discussing this issue with counsel, appellant did not object then or at any later time. In addition, immediately following voir dire and after the interpreter had been sworn in, appellant stated through counsel that he was "satisfied with [the] jury." In light of appellant's failure to object before the trial court, we are precluded from considering this issue on appeal. The first assignment of error is therefore overruled.
In his second assignment of error, appellant asks this court to independently review the record in accordance with Anders v. California (1976), 386 U.S. 738, 87 S.Ct. 1396. A brief filed pursuant to Anders indicates that counsel's careful review of the record of the proceedings before the trial court has failed to disclose any prejudicial errors by the trial court upon which an assignment of error may be predicated. Id. It should list potential errors "that might arguably support the appeal," and request that the appellate court review the record independently to determine whether the proceedings are free from error prejudicial to the appellant. Id. at 744. In addition, in a true Anders brief appellant's counsel should request permission to withdraw on the basis that the appeal is wholly frivolous. Id. Counsel should also certify that a copy of both the brief and the motion to withdraw have been served upon appellant. Id.
In this case, appellant's attorney has complied with some but not all of the elements required by Anders. Most strikingly, appellant's attorney has presented us with an assignment of error that, although overruled, merited review. In addition, although appellant's attorney asks us to independently review the record and states that he has served a copy of the brief on appellant, he does not suggest that the appeal is frivolous, nor does he request permission to withdraw as counsel. We find, therefore, that this case does not call for an analysis under Anders, and the second assignment of error is overruled.[1]
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Reviewing the record during the course of addressing appellant's first assignment of error, we found no prejudicial errors by the trial court.