[Cite as *State v. Howell*, 2015-Ohio-3428.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                 )      CASE NO. 14 BE 30
                                     )
      PLAINTIFF-APPELLEE,      )
                                       )
VS.                                 )      OPINION
                                     )
KERRY ALAN HOWELL,        )
                                     )
      DEFENDANT-APPELLANT.    )

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 14CR008

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty Helen Yonak
Assistant Prosecutor
Belmont County Court Annex
St. Clairsville, Ohio 43950

For Defendant-Appellant:      Atty. Brent A. Clyburn
The Law Office of
Brent A. Clyburn
3521 Fairmont Pike Rd.
Suite B
Wheeling, West Virginia 26003

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: August 20, 2015

ROBB, J.

{¶1} Defendant-Appellant Kerry Alan Howell appeals from his conviction and sentence entered by Belmont County Common Pleas Court for aggravated assault, a violation of R.C. 2903.11(A)(2), a fourth-degree felony. The issue in this appeal is whether the trial court erred in imposing the maximum term allowed by law. For the reasons expressed below, the sentence is supported by the record. The conviction and sentence are hereby affirmed.

<u>Statement of the Facts and Case</u>

{¶2} On December 21, 2013, an altercation occurred between Appellant, Jade Kyer, and Robert Stokes at 64847 Warnock-St. Clairsville Road in Belmont County, Ohio, the home of Shirley Stokes, Robert Stokes' mother. When an argument ensued between Jade Kyer and Appellant, Appellant was asked to leave the house. Appellant went to his truck and retrieved a baseball bat. He hit Robert Stokes with the bat. Robert Stokes wrestled Appellant to the ground and disarmed Appellant of the baseball bat. As a result of the altercation, Robert Stokes' arm was broken.

{¶3} Appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a first-degree felony; and one count of felonious assault, a violation of R.C. 2903.11(A)(2), a second-degree felony. 2/5/14 Indictment.

{¶4} Appellant entered a not guilty plea and was released on bond. Bond was later revoked when Appellant violated the bond terms. 5/29/14 J.E.

{¶5} In June 2014, the state and Appellant reached a plea agreement. The state agreed to dismiss aggravated burglary and amend felonious assault to aggravated assault. 6/12/14 Plea. The state also agreed to remain silent at sentencing. 6/12/14 Plea.

{¶6} On July 2, 2014, the trial court accepted Appellant's guilty plea to aggravated assault, a violation of R.C. 2903.12(A)(2), a fourth-degree felony. A week later Appellant received an 18 month sentence for the aggravated assault conviction, the maximum allowed by law. 7/8/14 Sentencing J.E.

{¶7} Appellant timely appealed his sentence.

<u>Assignment of Error</u>

"The trial court erred in sentencing the Defendant-Appellant, Kerry Allen Howell, to a maximum prison term of eighteen (18) months following his conviction for one (1) count of 'aggravate assault,' a felony of the fourth degree."

**{¶8}** This court is currently split as to the standard of review to apply in felony sentencing cases. *See State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion); *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion).

**{¶9}** One approach is to apply the test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 26. *Hill* at ¶ 7-20. Under the *Kalish* test, we must first examine the sentence to determine if it is "clearly and convincingly contrary to law." *Kalish* at ¶ 26 (O'Connor, J., plurality opinion). Next, if the sentence is clearly and convincingly not contrary to law, the appellate court reviews the sentence to determine if the trial court abused its discretion in selecting a sentence within the permissible statutory range. *Id.* at ¶ 17 (O'Connor, J., plurality opinion).

**{¶10}** The other approach is to strictly follow R.C. 2953.08(G), which provides that appellate courts are only to review felony sentences to determine if they are clearly and convincingly contrary to law. R.C. 2953.08(G) does not contain an abuse of discretion component. *Wellington* at ¶ 9-14.

**{¶11}** The issue of which felony sentencing standard of review is applicable is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. The certified question the Court has accepted is, "[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *Id.*

**{¶12}** Regardless of what standard is employed, the result in this case is the same; the sentence is affirmed.

**{¶13}** Prior to pronouncement of the sentence, the trial court must consider R.C. 2929.11, the purposes and principles of sentencing, and R.C. 2929.12, the recidivism and seriousness factors.

**{¶14}** Although the record indicates that the trial court considered the factors in R.C. 2929.11 and R.C. 2929.12, Appellant contends the court focused on conduct that suggested the crime was more serious than normal and the court did not adequately consider that the victims did not want Appellant confined to prison. Appellant also asserts the trial court did not consider Appellant's remorse or the past couple of years in which he led a law abiding life. Appellant's argument focuses on the court's statement that 18 months was the longest prison term permitted by law to impose, and if it could have imposed a longer term, it would.

**{¶15}** These arguments are not persuasive. The trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12. In the judgment entry the trial court stated:

> The Court has considered the record, oral statements, the Belmont County Criminal incident report, the pre-sentence investigation report, record of proceedings, the oral statements at the sentencing hearing, NCIC and criminal history reports, and the purposes and principles of sentencing under R.C. §2929.11, the seriousness and recidivism factors relevant to the offense and offender, pursuant to R.C. §2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution.

7/8/14 J.E.

**{¶16}** Similar statements were made at the sentencing hearing. 7/7/14 Tr. 3.

**{¶17}** Admittedly, the trial court did state at the sentencing hearing if it was permitted to give Appellant a lengthier sentence, then it would. 7/7/14 Tr. 10. However, in doing so the trial court explained why this particular conviction is worse than others:

> As part of his sentence, in addition to the time in prison, upon completion of the prison term – and let me add this: 18 months is the maximum I can give. Do you understand that, folks? That's the maximum. I got to tell you something, with someone beaten to the point with a bat that you broke their arm, and with this kind of record, the defendant would have received more than 18 months in prison. This

is the maximum I can do, because I would go higher if I could. As I see it, I can't.

7/7/14 Tr. 10.

**{¶18}** This statement indicates the trial court is considering the seriousness of the acts that resulted in conviction and why those facts are worse than facts in other cases which lead to conviction of the same offense in those other cases. Statements made by the trial court also indicate it considered other R.C. 2929.12 factors in determining the appropriate sentence.

**{¶19}** The trial court indicated it reviewed the file and all correspondence sent to it. 7/7/14 Tr. 3. This statement indicates the trial court considered the letters sent by the victims and a prior employer of Appellant.

**{¶20}** Two of the victims, Jade Kyer and Robert Stokes, wrote letters to the court indicating their desire that Appellant not receive jail time. These statements could be considered a factor that would make the offense less serious under R.C. 2929.12(C).

**{¶21}** A third victim to the crime, Shirley Stokes, indicated in a letter to the court that she thinks prison time is warranted. In her letter she stated that she asked Appellant to leave her property but he would not and she had to call 911. She stated Appellant broke her son's arm with a bat; the medical bills resulting from this attack are being paid by her. She also explained that she no longer feels safe in her own home. Her statements show she is suffering economical and psychological harm as a result of the crime, which makes the offense more serious pursuant to R.C. 2929.12(B)(2).

**{¶22}** Appellant's prior employer also wrote a letter. He stated if Appellant did not get prison time then Appellant would have a job at his business in a different county. This could be an indication recidivism is less likely because Appellant would be removed from the situation and, therefore, the circumstances giving rise to the situation would not likely reoccur. R.C. 2929.12(E)(4).

**{¶23}** The trial court also considered statements made by Appellant. 7/7/14 Tr. 8. Appellant's statements made during the sentencing hearing indicate remorse.

7/7/14 Tr. 7-8. Remorse is an indication that the recidivism is less likely under R.C. 2929.12(E)(5).

**{¶24}** The trial court considered Appellant's criminal history, which is permissible under R.C. 2929.12(D) and (E) to determine if recidivism is less or more likely. In fact, Appellant's criminal history played a large role in the trial court's determination of the appropriate sentence:

> This Court has thoroughly reviewed the file. I have thoroughly reviewed the applicable code sections as indicated, Revised Code 2929.11; 2929.12. I reviewed the fact that one of the [charges] was dismissed. I've reviewed all of the correspondence I have gotten; I have listened to the prosecutor; I've listened to the witness who testified, a former employer, and I give him the highest respect in the world for being here. I've listened to the defendant.
>
> Now, it's time to listen to me. 1980, assault with intent to rape; 1981, DUI, obstruction; '81, battery; '82, operating a motor vehicle under the influence; '83, obstructing; '83, burglary; '89, assault; '91, possession of firearms by a convicted felon; '92, persistent disorderly conduct, menacing; '93, drug abuse; '93, driving under suspension; '94, disorderly conduct; '96, domestic violence. 1996, a threat to bomb a building was dismissed. In '96, assault and battery. In '96, felony unlawful wounding. In '99, felony malicious wounding. 2002, domestic violence. No[w] we've got aggravated assault where a victim actually had his * * * [a]rm broken with a baseball bat. * * * That would be bad enough without all of this. Then while he is on probation – or pretrial supervision for this crime, he gets busted for DUI.
>
> I don't know where I got options in this case, to be honest with you. It's a fourth degree felony, with all of that which I've just laid out.

7/7/14 Tr. 8-9.

**{¶25}** Considering all of the above, we fail to find that the trial court erred in imposing an 18 month sentence for the aggravated assault conviction. The sole assignment of error is meritless. The conviction and sentence are hereby affirmed.

Donofrio, P.J., concurs.

DeGenaro, J. concurs.

APPROVED:

_____
CAROL ANN ROBB, JUDGE