[Cite as *State v. Diluzio*, 2022-Ohio-169.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

RYAN DILUZIO,

        Defendant-Appellant.

CASE NO. 2021-L-087

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 000133

# O P I N I O N

Decided: January 24, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Jamie R. Eck,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Ryan Diluzio, appeals from the judgment of the Lake County Court of Common Pleas, convicting him of various felony-level drug crimes and having weapons while under disability. As the arguments appellant asserts are not ripe for review, we affirm the trial court.

{¶2} Appellant was indicted on the following counts: Count 1: aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(1); Count 2: aggravated possession of drugs, a felony of the second degree, in violation of R.C.

2925.11; Count 3: possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11; Count 4: having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2); Count 5: having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3); and Count 6: possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24.

{¶3} Appellant entered a plea of guilty to Counts 1, 2, 3, and 4. After a hearing, he was sentenced to serve a term of 24 months on Count 1; two years on Count 2; an indefinite minimum term of three years and a maximum of four and one-half years on Count 3; and a prison term of 24 months on Count 4. Counts 1, 2, and 4 were ordered concurrent with one another, but consecutive to the term imposed for Count 3. Appellant's aggregate prison sentence, therefore, is a minimum term of five years up to a maximum term of six and one-half years.

{¶4} Prior to sentencing, defense counsel filed a written motion contesting the constitutionality of the Reagan Tokes Act, which mandates indefinite sentencing and creates presumptive-release provisions for certain felonies in Ohio's felony-sentencing code. The trial court overruled the motion. Appellant now appeals and assigns the following as error.

{¶5} "[1.] The defendant-appellant's constitutional challenges to the indeterminate prison sentence of three to four and a half years on count three, that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, are ripe for review.

{¶6} "[2.] The defendant-appellant's indeterminate prison sentence of three to four and a half years on count three, that was ordered pursuant to the 'Reagan Tokes

2

Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.

{¶7} "[3.] The defendant-appellant's indeterminate prison sentence of three to four and a half years on count three, that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶8} "[4.] The defendant-appellant's indeterminate prison sentence of three to four and a half years on count three, that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

{¶9} "[5.] The defendant-appellant's indeterminate prison sentence of three to four and a half years on count three, that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶10} This court has held that constitutional challenges to the presumptive-release provisions in the Reagan Tokes Act are not ripe for review. *See State v. Lavean*, 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶11-12; *see, also, State v. Woods*, 11th Dist. Lake No. 2021-L-044, 2021-Ohio-3173. "To be justiciable, a claim must be ripe for review, and a claim is not ripe 'if it rests on contingent events that may never occur at all.'" *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, ¶37, quoting *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-

Case No. 2021-L-087

5752, ¶21. "[C]onstitutional challenges to the Reagan Tokes Act on appeal from sentencing are not yet ripe for review because it is uncertain whether the offender's release date will extend past the minimum term of imprisonment imposed." *Lavean*, *supra*, at ¶8. Further, it is "well established that constitutional questions are not ripe for review until the necessity for a decision arises on the record before the court." *State v. Spikes*, 129 Ohio App.3d 142, 145, (11th Dist.1998). Because it is unclear whether appellant's release date will extend past the minimum term and the issues he raises depend upon a contingent, future event (and thus cannot arise on the current record), appellant's challenges are not ripe for review.[1]

{¶11} In light of the foregoing, appellant's assigned errors shall not be addressed as they are currently unripe for review. The trial court's judgment is affirmed.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

---

1. This issue of whether constitutional challenges to the Reagan Tokes Act are ripe for review is currently before the Ohio Supreme Court in the certified conflict case of *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.

Case No. 2021-L-087