[Cite as *State v. Reffitt*, 2022-Ohio-3371.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-129 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| MATTHEW A. REFFITT, | Trial Court No. 2021 CR 001063 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: September 26, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Matthew Reffitt, appeals following his guilty plea to one count of felonious assault, in violation of R.C. 2903.11, and one count of disrupting public services, in violation of R.C. 2909.04, in the Lake County Court of Common Pleas.

{¶2} Appellant raises six assignments of error, arguing that his sentence is contrary to law because the trial court failed to consider factors that made his offense less serious and that the Reagan Tokes indefinite sentencing law is unconstitutional.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. Appellant's sentence was not contrary to law and we hold that appellant's challenges to the Regan Tokes Law fail to demonstrate it is unconstitutional.

{¶4} The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} On August 14, 2021, appellant and the victim, his girlfriend, had been using drugs. At some point, the victim refused to give him more drugs, they argued, and she left the house. Appellant turned to alcohol and became intoxicated. Appellant claims that he had been sober from alcohol for four to six months prior to this date although he was not sober from drug use during this period.

{¶6} When the victim returned to the house, they continued to argue and appellant became violent. The victim attempted to call 911 but appellant took her phone and broke it while saying that he was going to kill her. Appellant struck the victim with a belt multiple times with the buckle, striking her arm, body, and head and leaving bruises. Appellant then strangled the victim with his belt and left bruising and red marks on her neck. Eventually, she was able to escape and sought help from neighbors. The victim's injuries required three staples in her head to close a wound caused by the belt buckle.

{¶7} On September 30, 2021, appellant pled guilty by way of information to one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, and one count of disrupting public services, in violation of R.C. 2909.04, a felony of the fourth degree. The trial court ordered a presentence investigation and the matter was set for sentencing.

2

{¶8}   On November 8, 2021, the court held the sentencing hearing. The victim addressed the court and said that she believed appellant deserved a second chance and asked that he be given probation. She said that she believed the cause of the attack was appellant's alcohol use and that he was a different person when sober. The court said that it had reviewed the presentence report which included a victim impact statement and a psychological assessment. The court considered the facts of the case, the statement from appellant, his counsel, and the oral victim impact statement made in court.

{¶9}   The court concluded that the offense was more serious and that the relationship with the victim facilitated the offense. The court noted that appellant had three prior domestic violence convictions, an attempted burglary conviction, drug trafficking charges, and that he had only been off postrelease control three months before the instant offense. The court said that appellant had not responded favorably to previously imposed sanctions and that he has done nothing to address his alcohol problem. The court said that nothing about the offense made it less serious. The court sentenced appellant to an indefinite prison term of six years to a maximum of nine years on count one, and twelve months on count two to be served concurrently. Appellant objected to the imposition of the indefinite sentence.

{¶10}   Appellant timely appeals raising six assignments of error.

**Assignments of Error and Analysis**

{¶11}   Appellant's first assignment of error states:

{¶12}   "[1.] THE DEFENDANT-APPELLANT [sic] SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO CONSIDER FACTORS THAT MADE THE OFFENSE LESS SERIOUS."

3

Case No. 2021-L-129

{¶13} In his first assignment of error, appellant argues that his sentence is contrary to law because the trial court failed to consider factors that made his offense less serious. Appellant contends that R.C. 2953.08(G)(2) allows this court to increase, reduce, or otherwise modify a sentence when it is contrary to law because the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶14} Specifically, appellant argues that the trial court erred by failing to consider R.C. 2929.12(C)(4), which provides:

> (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense.
>
> > (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶15} Appellant cites R.C. 2953.08(G)(2)(a) as our standard of review for felony sentencing matters. However, that statute only applies to challenges to sentences imposed under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I), and appellant does not challenge his sentence in reference to any of these statutes. *See State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 7. Here, appellant claims that the trial court issued a sentence contrary to law under R.C. 2929.12. As such, the standard provided under R.C. 2952.08(G)(2)(a) is inapplicable to this matter. *Id.*

{¶16} In reviewing sentencing challenges relating to R.C. 2929.11 and R.C. 2929.12, this court previously followed the Supreme Court of Ohio's language in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 which stated:

4

> [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum,* at ¶ 23.

{¶17} However, the Ohio Supreme Court concluded that the above language was dicta. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 27. In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. "Therefore, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Shannon, supra*, at ¶ 10, quoting *Jones* at ¶ 29.

{¶18} Thus, under *Jones,* an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court "must simply analyze whether those sentences are contrary to law." *Id.* at ¶ 11. *Jones* offered that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' *e.g., Black's Law Dictionary* 328 (6th Ed. 1990)." *Id.* at ¶ 34. However, *Jones* held that the phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

5

Case No. 2021-L-129

**{¶19}** Appellant believes that the victim's statement asking the trial court to not impose a prison sentence and asking for leniency was a substantial ground to mitigate his conduct. He argues that the trial court did not acknowledge her statements and merely said that it reviewed the presentence report and considered her oral statement. Based on this, he argues that the sentence was contrary to law. In support of his argument, he cites *State v. Howell*, 7th Dist. Belmont No. 14BE30, 2015-Ohio-3428, ¶ 20.

**{¶20}** *Howell* pre-dates the Ohio Supreme Court's decisions in both *Marcum* and *Jones,* so its R.C. 2953.08(G) analysis is no longer applicable. *Howell* states that two victims writing a letter to the court indicating a desire that the defendant not receive jail "*could* be considered a factor that would make the offense less serious under R.C. 2929.12(C)." (Emphasis added). *Id.* at ¶ 20. However, this was a passing comment and therefore mere obiter dictum. The Seventh District reviewed the R.C. 2929.11 and R.C. 2929.12 challenge in that case and affirmed, finding that the court considered all the necessary sentencing factors. *Id.* at ¶ 15.

**{¶21}** In this case, appellant does not argue that the trial court failed to consider the R.C. 2929.12 factors. Instead, appellant argues that the trial court improperly discounted substantial grounds to mitigate his conduct. This argument fails because the sentence in this case was within the statutory range. Moreover, not only did the trial court consider the R.C. 2929.12(C) factors, but the trial court also made specific findings as to R.C. 2929.12(C)(4) saying that there was "[n]othing that indicates it's less serious." We decline to find reversible error on the "'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Shannon, supra*, at ¶ 10, quoting *Jones, supra,* at ¶ 29.

6

Case No. 2021-L-129

**{¶22}** Accordingly, appellant's first assignment of error is without merit.

**{¶23}** Appellant's second through sixth assignments of error challenge the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Specifically, appellant argues that the Reagan Tokes Law is ripe for review, is void for vagueness, violates the separation of powers, violates his right to a trial by jury, and violates due process rights.

**Presumption of Constitutionality:**

**{¶24}** Initially we note that "we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. "Further, the constitutionality of a statute is a matter of law that we review de novo." *State v. Lane*, 11th Dist. Geauga No. 2013-G-3144, 2014-Ohio-2010, ¶ 46, citing *State v. Jenson*, 11th Dist. Lake No.2005–L–193, 2006–Ohio–5169, ¶ 5. Therefore, we must independently review the constitutionality of R.C. 2967.271 while presuming it to be constitutional.

**{¶25}** Appellant's second assignment of error states:

**{¶26}** "[2.] THE DEFENDANT-APPELLANT'S CONSTITUTIONAL CHALLENGES TO THE INDETERMINATE PRISON SENTENCE OF SIX TO NINE YEARS THAT WAS ORDERED PURSUANT TO THE 'REAGAN TOKES ACT,' AKA SENATE BILL 201, ARE RIPE FOR REVIEW."

**Ripeness:**

**{¶27}** The Ohio Supreme Court recently held that the Reagan Tokes Law is ripe for review in *State v. Maddox*, Slip Opinion No. 2022-Ohio 764. In *Maddox*, the Court said that the "challenge to the statute's constitutionality is ripe for review on direct appeal

7

because (1) [appellant] has been sentenced under the statute, (2) no further factual development is necessary for a court to analyze the challenge, and (3) delaying review would result in duplicative litigation forcing Maddox and similarly situated people to endure potential violations of their constitutional rights in order to challenge the law." *Id.* at ¶ 11. Therefore, we hold that appellant's challenge to the constitutionality of the Reagan Tokes Law is ripe for review.

{¶28} Appellant's third assignment of error states:

{¶29} "[3.] THE DEFENDANT-APPELLANT'S INDETERMINATE PRISON SENTENCE OF SIX TO NINE YEARS THAT WAS ORDERED PURSUAUNT TO THE 'REAGAN TOKES ACT,' AKA SENATE BILL 201, MUST BE REVERSED AS THE REAGAN TOKES ACT IS UNCONSTITUTIONALLY VOID FOR VAGUENESS."

**Void for Vagueness:**

{¶30} Appellant next argues that the Reagan Tokes Law is void for vagueness because it fails to provide sufficient clarity for what conduct could result in the indeterminate portion of his prison sentence being invoked.

{¶31} "'[A] law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement.'" *Klein v. Leis,* 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, at ¶ 16, quoting *State v. Williams*, 88 Ohio St.3d 513, 533, 728 N.E.2d 342 (2000), citing *Chicago v. Morales*, 527 U.S. 41, 56–57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999). The Ohio Supreme Court has determined that a void for vagueness challenge requires a tripartite analysis to address three pivotal values. *State v. Collier*, 62 Ohio St.3d 267, 269-270, 581 N.E.2d

8

552 (1991), citing *Papachristou v. Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The first value is to "'provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute.'" *Collier*, quoting *State v. Tanner*, 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984). The second value is to "'preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints.'" *Id.*, quoting *id.* The third value is "'to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited.'" *Id.*, quoting *id.* "'Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language.'" *Id.*, quoting *id.*

{¶32} In *Grayned v. Rockford* (1972), 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222, 227–228, the United States Supreme Court set out the following guidelines for evaluating a void for vagueness claim:

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. * * * " (Footnotes omitted.) Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. Smith v. Goguen (1974), 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605.

9

**{¶33}** The Ohio Supreme Court has analyzed and upheld R.C. Chapter 2950, Ohio's sex offender registration enactments, against a challenge it was void for vagueness. The Court said that the chapter did not prohibit any specific conduct but "merely establish[ed] remedial registration and notification." *State v. Williams*, 88 Ohio St.3d 513, 533, 728 N.E.2d 342 (2000). These remedial measures "require less specificity to satisfy a void-for-vagueness challenge than do criminal statutes." *Id.*

**{¶34}** In like manner, the Fifth District compared the sexual offender classification scheme approved in *Williams* to Ohio's postrelease control enactments. *State v. Hopkins*, 5th Dist. Stark Nos. 2000CA00053, 2000CA000054, 2000 WL 1751286, * 4 (Nov. 27, 2000). In *Hopkins*, the court said that postrelease control enactments were not unconstitutionally vague because they do "not prohibit any specific conduct." *Id.*

**{¶35}** Guided by the U.S. and Ohio Supreme Court in *Grayned* and *Collier* as well as the framework set forth in *Williams* and *Hopkins*, we address R.C. 2967.271. R.C. 2967.271(B) establishes a rebuttable presumption that the offender shall be released upon the expiration of the minimum prison term or early release date, whichever is earlier. Division (C) provides the means by which that presumption may be overcome. Division (C)(1) provides that the presumption may be rebutted if the offender both: (a) committed institutional rule infractions that involved compromising the security or safety of staff or inmates that demonstrates the offender has not been rehabilitated, and (b) the behavior while incarcerated demonstrates a continued threat to society. Division (C)(2) continues that the presumption may be rebutted when the offender's behavior demonstrates that the offender is a continued threat to society. Division (C)(3) continues that the

10

presumption may be rebutted when the offender's security level at the time of the hearing is classified as level three, four, or five, or higher.

**{¶36}** As in *Williams*, we note that R.C. 2967.271 does not prohibit any specific conduct. Therefore, the statute requires less specificity than a typical criminal enactment. In *Hopkins*, the Fifth District found that postrelease control enactments were not unconstitutionally void because they did not prohibit specific conduct.

**{¶37}** However, Appellant argues that Regan Tokes violates all three prongs of the tripartite analysis. He argues that institutional rule violations and infractions are enforced by the same people who will determine if his conduct warrants extending his prison term. He further claims that different institutions may have different definitions for what conduct constitutes a security threat and suggests that constitutionality protected rights such as freedom of speech or religion might "draw the ire" of the Ohio Department of Rehabilitation and Corrections ("ODRC") and arbitrarily subject him to the indefinite portion of his sentence.

**{¶38}** In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-1809, *opinion vacated on reh'g en banc,* 8th Dist. Cuyahoga No. 1093152022-Ohio-470, the Eighth District found that R.C. 2967.271 was void for vagueness. However, upon *en banc* rehearing, the court upheld the constitutionality of the law in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. The *en banc* opinion addressed the claim that R.C. 2967.271 was vague and said that the "challenge to the prison rule infraction system as a reason to invalidate the Reagan Tokes Law cannot be viewed in isolation." *Id.* at ¶ 86.

11

**{¶39}** The court emphasized that the Reagan Tokes Law does not create a new prison rule infraction system and that Ohio Adm.Code 5120-0-08 sets forth "an inmate's rights and the procedures the Rules Infraction Board are to follow in imposing any and all institutional infractions upon the inmates. *See, e.g., Oko v. Lake Erie Corr. Inst.*, 11th Dist. Ashtabula No. 2010-A-0002, 2010-Ohio-2821, 2010 WL 2499702, ¶ 3 (overruling a constitutional challenge to the decision by the Rules Infraction Board)." *Id.* at ¶ 86. The Eighth District reasoned that R.C. 2967.271(C) and (D) merely rely on the results of the already well established and well-regulated proceedings which are conducted under the Administrative Code. *Id.* at ¶ 87.

**{¶40}** Importantly, these administrative proceedings under Ohio Adm.Code 5120-0-08 are not part of the Reagan Tokes framework itself. Appellant has not asserted a facial challenge of the Rules Infractions Board itself or the procedures that the Rules Infraction Board are to follow in imposing institutional infractions. Any as applied challenge of an infraction received under that Board would have to be raised through a separate writ upon imposition of the infraction. Therefore, appellant's challenges to the vagueness of the enforcement of the Rules infractions Board are not properly before this court as they must "be advanced through a separate writ action when the infraction has been declared and impacts the duration of confinement. *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 683 N.E.2d 1139 (1997) (writ of mandamus will not lie "absent evidence that the challenged institutional action would affect the inmate's duration of confinement"), citing *Samuels v. Mockry*, 77 F.3d 34, 37 (2d Cir. 1996); *Lane v. Russell*, 109 Ohio App.3d 470, 473, 672 N.E.2d 684 (12th Dist. 1996)." *Id.* at ¶ 87.

Case No. 2021-L-129

**{¶41}** Appellant's claims as to the enforcement of the prison infraction system have no bearing on his objection to the Reagan Tokes Law. The provisions in R.C. 2967.271 are not vague, therefore, we hold that on its face, R.C. 2967.271 does set forth sufficient specific guidelines to prevent arbitrary and discriminatory enforcement.

**{¶42}** Accordingly, appellant's third assignment of error is without merit.

**{¶43}** Appellant's fourth assignment of error states:

**{¶44}** "[4.] THE DEFENDANT-APPELLANT'S INDETERMININATE PRISON SENTENCE OF SIX TO NINE YEARS THAT WAS ORDRED PURSUANT TO THE 'REAGAN TOKES ACT,' AKA SENATE BILL 201, MUST BE REVERSED AS THE REAGAN TOKES ACT UNCONSTITUTIONALLY VIOLATES THE DOCTRINE OF SEPARATION OF POWERS."

**Separation of Powers:**

**{¶45}** Appellant argues that the Reagan Tokes Law violates the separation of powers because it vests judicial power in the executive branch. He cites *State ex rel. Bray v. Russel*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000). *Bray* addressed the constitutionality of R.C. 2967.11, which allowed the parole board to punish a violation committed by the prisoner by extending the stated prison term. Violations were defined as "an act that is a criminal offense under the law of this state or the United States, whether or not a person is prosecuted for the commission of the offense." R.C. 2967.11(A). Any extension of the prisoner's term under that enactment was referred to as "bad time."

**{¶46}** In *Bray*, the Ohio Supreme Court held that R.C. 2967.11 was unconstitutional because the parole board "acted 'as judge, prosecutor, and jury,' for an action that could be prosecuted as a felony in a court of law." *Id.* at 135. The enactment

13

intruded "well beyond the defined role of the executive branch as set forth in our Constitution." *Id.* The Court held the statute was unconstitutional and violated the separation of powers doctrine. *Id.* at 136.

{¶47} Appellant's reliance on *Bray* is misplaced. R.C. 2967.11 authorized the parole board to impose an additional prison term beyond the one the trial court imposed. Under Reagan Tokes, the executive branch cannot impose additional time beyond the maximum sentence imposed by the trial court at the time of sentence. *See State v. Leet,* 2nd Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 15.

{¶48} Further, in *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), decided a few months after *Bray*, the Ohio Supreme Court considered the constitutionality of R.C. 2967.28, Ohio's postrelease control statute. There, the court found it was distinct from the bad time statute at issue in *Bray* because the postrelease control terms are made part of the sentence imposed by the court. *Woods,* at 512. The court found no violation of the separation of powers in that case because the parole board's discretionary power to impose postrelease control sanctions did not impinge on the judiciary's mandate to impose sentence. *Id.*

{¶49} In Reagan Tokes sentences, the court imposes both presumptive minimum and possible maximum prison terms in its sentence. Thereafter, the ODRC determines whether the offender's conduct warrants more than the minimum imposed. However, the ODRC cannot exceed the judiciary's maximum imposed sentence. Therefore, *Bray* does "not compel the conclusion that the Reagan Tokes Law violates the separation of powers doctrine." *Id.*; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State*

14

Case No. 2021-L-129

*v. Suder*, 12th Dist. Clermont No. CA2020-06-035, 2021-Ohio-465, ¶ 25; *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 27.

{¶50} Accordingly, appellant's fourth assignment of error is without merit.

{¶51} Appellant's fifth assignment of error states:

{¶52} "[5.] THE DEFENDANT-APPELLANT'S INDETERMINATE PRISON SENTENCE OF SIX TO NINE YEARS THAT WAS ORDERED PURSUANT TO THE 'REAGAN TOKES ACT,' AKA SENATE BILL 201, VIOLATES HIS CONSTITUTIONAL RIGHT TO TRIAL BY JURY AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 5 OF THE OHIO CONSTITUTION."

**Trial by Jury:**

{¶53} Appellant argues that R.C. 2967.271(C) and (D) violate his constitutional right to a jury trial because the law authorizes ODRC to make findings of fact and hold hearings to extend his prison term without judicial fact finding. Appellant cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 403 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 in support of his contention. He also cites *Delvallie*, 2021-Ohio-1809 ¶ 32, *opinion vacated on reh'g en banc*, which held that the "Reagan Tokes Law" is unconstitutional because R.C. 2967.271 infringes on the defendant's right to a jury under the Sixth Amendment. However, *Delvallie* was vacated upon an *en banc* rehearing of the matter.

15

Case No. 2021-L-129

**{¶54}** In the *en banc* rehearing in *Delvallie*, 2022-Ohio-470, the Eighth District addressed *Apprendi, Blakey,* and *Foster* and found that R.C. 2967.271(C) and (D) do not violate the right to a jury trial.

**{¶55}** The Eighth District said that *Apprendi* was inapposite because the issue in *Apprendi* was the court's ability to impose a sentence in excess of the statutory maximum without the factual circumstances justifying the enhanced sentence first being found by a jury beyond a reasonable doubt. *Id.* at ¶ 40. In contrast, R.C. 2967.271 statutorily requires a court "to impose the minimum and maximum terms upon the offender being found guilty of the qualifying felony offense – similar to an offender being sentenced to life with the possibility of parole under the indefinite life sentencing structure." *Id.* Reagan Tokes does not authorize "a sentencing court, or the ODRC for that matter, to impose a sentence beyond the maximum set forth in the sentencing statutes or to elevate the minimum term beyond the ranges set forth in R.C. 2929.14(A)(1)(a) and (A)(2)(a)." *Id.* at ¶ 41.

**{¶56}** The Eighth District also distinguished *Foster*, where the Ohio Supreme Court concluded that the "sentencing structure permitting a trial court to impose a consecutive sentence resulting in a term of imprisonment beyond the minimum based on the issuance of findings violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." *Id.* at ¶ 42. However, *Foster* was superseded by the Supreme Court in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), where the Court determined that a state court's imposition of consecutive sentences did not violate the right to a jury trial because juries historically "played no role in" the decision to impose consecutive or concurrent sentences. *Id.*, at ¶ 42, citing *Ice*, 555 U.S. at 167-168. "Instead, specification of the regime for administering multiple sentences has long been

16

considered the prerogative of state legislatures." *Ice* at 168. Thus, the Eighth District concluded that the rationale underlying *Foster* "did not stand the test of time." *Delvallie,* at ¶ 42.

{¶57} Because R.C. 2967.271 requires the trial court to impose a minimum and maximum indefinite term, the only discretion granted to the trial court is the minimum term. The court is not imposing a term greater than the maximum as prohibited under *Apprendi.* Further, the court is not imposing a sentence longer than the minimum term prescribed by statute based on findings of facts in addition to those considered by the jury as in *Blakely* or *Foster.* We do not find that R.C. 2967.271(C) or (D) is unconstitutional under *Apprendi* or its progeny.

{¶58} Accordingly, appellant's fifth assignment of error is without merit.

{¶59} Appellant's Sixth assignment of error states:

{¶60} "[6.] THE DEFENDANT-APPELLANT'S INDETERMINATE PRISON SENTENCE OF SIX TO NINE YEARS THAT WAS ORDERED PURSUANT TO THE 'REAGAN TOKES ACT,' AKA SENATE BILL 201, VIOLATES HIS CONSTITUTIONAL RIGHTS TO FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION and ARTICLE I, SECTION 5 & 10 OF THE OHIO CONSTITUTION."

**Due Process:**

{¶61} Appellant next claims that the Regan Tokes Law violates due process because it fails to provide proper notice as to what type of conduct would allow the ODRC to extend his prison sentence. He further argues that R.C. 2967.271 empowers the ODRC

17

to hold hearings that do not satisfy Constitutional due process rights, such as the right to a fair trial.

**{¶62}** In *State ex rel. Blake v. Schoemaker*, 4 Ohio St.3d 43, 446 N.E.2d 169 (1983), the Ohio Supreme Court said that a right to parole consideration did not create a "liberty interest sufficient to establish a right to procedural due process." *Id.* The Court said that this argument was "rejected in *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 [(1979)], with the exception of where the state statute itself creates an expectancy of release." *Id.*

**{¶63}** Thus, while no Ohio appellate district has held that R.C. 2967.271(C) violates due process, some districts have come to differing conclusions in whether requiring a prisoner to remain in prison beyond the rebuttable presumption of release is most analogous to parole eligibility proceedings involving release from prison or parole revocation/postrelease control violation proceedings involving a termination of liberty which would require an informal hearing to verify facts supporting revocation. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), at paragraph one of the syllabus.

**{¶64}** The Twelfth District concluded that the "hearings conducted by the ODRC under R.C. 2967.271(C) are analogous to parole revocation proceedings, probation revocation proceedings, and postrelease control violation hearings at issue in *Morrissey*, *Gagnon* [*v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)]*, and *Woods*." *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

18

Case No. 2021-L-129

{¶65} The Second District concluded that "requiring a defendant to remain in prison beyond the presumptive minimum term is akin to the decision to grant or deny parole, which in Ohio is an executive function that does not involve the judiciary." *State v. Leet*, 2nd Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 17.

{¶66} However, whether the rebuttable presumption of release under the Reagan Tokes Law is more akin to parole revocation proceedings or parole eligibility proceedings is not presently important for determining whether R.C. 2967.271 constitutes a facial violation of due process.

{¶67} Appellant's challenges to the Reagan Tokes Law are facial in nature and he must therefore establish that there exists no set of circumstances under which the statute would be valid. *Harrold v. Collier*, 107 Ohio St.3d 44 at ¶ 37. Appellant's arguments relating to a future hearing to rebut his presumptive release are a challenge to the due process safeguards that *will be afforded in the future* under R.C. 2967.271 through a hearing to rebut his presumption of release. "*The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid.*" *Id.,* citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, paragraph four of the syllabus, and *United States v. Salerno*, 481 U.S. 739, 745. "Should the Law ultimately be applied in a manner that is unconstitutional, an offender would not be precluded from challenging the Law as applied." *State v. Stenson*, 6th Dist. No. L-20-1074, 2022-Ohio-2072, 190 N.E.3d 1240, ¶ 33.

{¶68} Therefore, appellant's arguments relating to R.C. 2967.271(C) and the procedural safeguards of the hearing to rebut his presumptive release constitute an as

19

applied challenge and is not yet ripe for review, because those aspects of the statute have not been applied to him.

**{¶69}** Finally, in order to satisfy due process, a guilty plea must be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.3d 274 (1969). A trial court must engage in a plea colloquy pursuant to Crim.R. 11(C). *State v. Corpening*, 11th Dist. Ashtabula No. 2011-A-0005, 2011-Ohio-6002, ¶ 24.

**{¶70}** In this case, the trial court advised appellant that he was subject to an indefinite term of imprisonment with a presumptive minimum release date and possible maximum sentence. The trial court advised that he would be presumptively released after the minimum term if he did not commit institutional violations. Appellant was told that the presumption of early release is not automatic and that he could be subject to a maximum prison sentence which was up to one half of his minimum sentence. He was told that he had a right to a hearing in order to overcome the imposition of the indefinite portion of his sentence. The trial court also explained the ability to earn good time credit based on his behavior in prison to reduce the minimum sentence. The court said that an earned early release was presumptive but that the trial court could oppose such early release and, in that event, appellant would be entitled to a hearing.

**{¶71}** Appellant said that he understood these components of his indefinite sentence and pled guilty to the charge. In this case, the trial court fully advised appellant of the consequences of his plea, and he acknowledged that he understood those consequences.

**{¶72}** Accordingly, appellant's sixth assignment of error is without merit.

20

Case No. 2021-L-129

{¶73} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

21