[Cite as *State v. Diluzio*, 2022-Ohio-4244.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

RYAN DILUZIO,

        Defendant-Appellant.

**CASE NO. 2021-L-087**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 000133

---

## O P I N I O N

Decided: November 28, 2022
Judgment: Affirmed

---

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Jamie R. Eck,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} This matter is before the court on remand from the Supreme Court of Ohio, which reversed this court's judgment and opinion in *State v. Diluzio*, 11th Dist. Lake No. 2021-L-087, 2022-Ohio-169, which concluded the constitutional challenges to the Regan Tokes Act raised by appellant, Ryan Diluzio, were not ripe for review. The only matters before the court are appellant's constitutional challenges. The factual and procedural underpinnings set forth in *Diluzio I* are therefore incorporated by reference into this opinion.

{¶2} Appellant's five assignments of error provide:

{¶3} "[1.] The defendant-appellant's constitutional challenges to the indeterminate prison sentence of three to four and one-half years on count three, that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, are ripe for review.

{¶4} "[2.] The defendant-appellant's indeterminate prison sentence of three to four and one-half years on count three that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.

{¶5} "[3.] The defendant-appellant's indeterminate prison sentence of three to four and one-half years on count three that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶6} "[4.] The defendant-appellant's indeterminate prison sentence of three to four and one-half years on count three that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

{¶7} [5.] The defendant-appellant's indeterminate prison sentence of three to four and one-half years on count three that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶8} Although this court previously concluded the foregoing constitutional challenges to the presumptive release provisions in the Reagan Tokes Act were not ripe for review, *See, e.g., State v. Lavean*, 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, the Supreme Court of Ohio, in *State v. Maddox* ___ Ohio St.3d ___, 2022-Ohio-764, determined the arguments are ripe. *Id.* at ¶11.

{¶9} With this in mind, this court, in *State v. Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371, recently concluded the Regan Tokes Act (1) is not unconstitutionally void for vagueness, *Id.* at ¶29-42; (2) does not unconstitutionally violate the doctrine of separation of powers, *Id.* at ¶44-50; (3) does not violate a defendant's right to a trial by jury, *Id.* at ¶52-58; and (4) does not violate a defendant's right to a fair trial and due process, *Id.* at ¶60-72.

{¶10} Accordingly, while appellant's first assignment of error has merit, it is merely a gatekeeper for analyzing the remaining constitutional arguments. Appellant's constitutional arguments, however, lack merit. Assignments of error two through five are accordingly overruled.

{¶11} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.


3

Case No. 2021-L-087