[Cite as *State v. Dixon*, 2022-Ohio-4158.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0114** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DANTE D. DIXON, a.k.a. DEANTE D. DIXON, | Trial Court No. 2021 CR 00040 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 21, 2022
Judgment: Affirmed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Joseph C. Patituce* and *Madison E. Karn*, Patituce & Associates, LLC, 16855 Foltz Industrial Parkway, Strongsville, OH 44149 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Dante Dixon, appeals his sentence from the Portage County Court of Common Pleas. Appellant raises three assignments of error, arguing that the trial court erred in sentencing him to 38 to 42 years imprisonment, that the trial court erred in imposing consecutive sentences, and that trial counsel was ineffective by failing to object to the constitutionality of his indefinite sentence.

{¶2} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit. Appellant cannot affirmatively demonstrate that

the trial court did not comply with the seriousness and recidivism factors in R.C. 2929.12; the trial court properly imposed consecutive sentences on appellant; and, because we have previously held that the Reagan Tokes Law is constitutional in *State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce,* 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370, appellant was not prejudiced when trial counsel failed to object to the imposition of an indefinite sentence.

{¶3}     Although not raised by appellant, the trial court's sentencing entry contains a clerical error, which states that appellant pled guilty to one count of "'Carrying a Concealed Weapon' a felony of the third degree, in violation of R.C. 2923.13." At the plea hearing, appellant entered a plea of guilty to having weapons while under disability. R.C. 2923.13 is the code section for having weapons while under disability. Therefore, the sentencing entry incorrectly identifies Count Four as "Carrying a Concealed Weapon."

{¶4}     Thus, we affirm the judgment of the Portage County Court of Common pleas and remand for the trial court to issue a nunc pro tunc entry.

### Substantive and Procedural History

{¶5}     In January 2021, Kent police officers responded to a residential address in reference to a burglary in progress. A 14-year-old female called 911 stating that she was babysitting a two-year-old in the residence when a man forced entry into the home. The young woman hid herself and the two-year-old in a bathroom while the intruder forced entry. When officers arrived, Officers Kyle Auckland and Nicole Watkins approached the front door while Officer Leonard Kunka approached the back door. Officers observed signs of forced entry to both the front and back doors. Kunka entered the home and saw appellant in the residence. He identified himself and appellant tried to flee.

**{¶6}** When Kunka gave chase, appellant drew a handgun and fired three times. One bullet struck Kunka in the left thumb and another struck Auckland in his ballistic vest. The officers struggled with appellant, subdued him, and placed him under arrest without firing their weapons. Appellant was injured by his own gun fire and was struck in the abdomen.

**{¶7}** Kunka's injuries required surgery, the placement of pins in his hand, and extensive physical therapy and rehabilitation. Auckland was treated for chest injuries, fortunately, his ballistic vest minimized his injuries. The children were rescued uninjured.

**{¶8}** The Portage County Grand Jury indicted appellant on two counts of felonious assault, first-degree felonies in violation of R.C. 2903.11. Each count contained a three-year firearm specification in violation of R.C. 2941.145, a seven-year firearm specification in violation of R.C. 2941.1412, and a repeat violent offender specification in violation of R.C. 2941.149. Appellant was also indicted on one count of aggravated burglary, a first-degree felony in violation of R.C. 2911.01 with a three-year firearm specification and a repeat violent offender specification. Finally, appellant was indicted on two counts of having weapons wile under disability, third-degree felonies in violation of R.C. 2923.13.

**{¶9}** Ultimately, appellant entered a plea of guilty to two counts of felonious assault, each with a seven-year firearm specification and a repeat violent offender specification; one count of aggravated burglary with a three-year firearm specification and a repeat violent offender specification, and one count of having weapons while under disability. The trial court accepted appellant's change of plea and immediately proceeded to sentencing. At the sentencing hearing, the trial court reviewed a presentence

3

investigation report and heard statements from Kunka, Auckland, the Kent Police Chief, appellant's father, and appellant.

{¶10} During sentencing, the court stated that it had read the victim impact statements, the sentencing briefs of both parties, and the pre-sentencing memorandum. The court heard arguments from defense counsel who argued that the events happened quickly, and that appellant did not intend the harm that he caused. Counsel expressed that appellant was remorseful for his actions and grateful that his actions did not cause greater harm. Counsel indicated that appellant has a history of mental health issues and that his formal education ended in the eighth grade, although he did later obtain his GED. Counsel requested that the sentences run concurrently and for the court to impose the minimum sentence allowed by law.

{¶11} Kunka related the events of appellant's arrest and explained that the physical and emotional toll they had on him and his family. He said his injuries caused him to miss three months of work and that his thumb now has arthritic pain that will become progressively worse. After his return to work, his wife and family have become more fearful. He requested that the court impose the maximum sentence.

{¶12} Auckland similarly requested the maximum sentence and said that the emotional toll on him and his family has been heavy. The Kent Police Chief also addressed the court and spoke to the emotional toll that appellant's actions had on the entire police department and their families.

{¶13} The prosecutor told the court that the minor victims had chosen not to appear for the sentencing, but he said that the children had exhibited post-traumatic behaviors such as immense fear, extreme vigilance, as well as dread and nightmares. He

4

said that the residents of the home had been evicted as a direct result of the burglary and were homeless for several months. The prosecutor also highlighted the emotional and psychological impact that appellant's actions had on the families and co-workers of the victims.

{¶14} Appellant addressed the trial court, apologized for his conduct, and said that he wished the day had never occurred for the sake of the victims. He said that at the time of the offense he was under the influence of drugs and regretted his actions.

{¶15} The court said "I don't know what can – what can society – what can I do to change your direction in life except place you in prison for a long, long, long time? I give you some credit for taking responsibility finally after – I think it's 200 and some days in jail, manning up and taking responsibility, not putting that child through this jury trial, not putting these officers and their family through the jury trial. So I'll give you some credit there."

{¶16} The court imposed mandatory consecutive seven-year terms for the two firearm specifications; eight years for each of the felonious assault counts to run consecutive with a four-year indefinite sentence on count one pursuant to the Reagan Tokes Law; eight years for the aggravated burglary count to run consecutive; and 30 months for the weapons under disability count to run concurrent with counts one, two, and three. In total, the court sentenced appellant to 38 to 42 years imprisonment with 287 days credit for time served. In imposing sentence, the court recited the R.C. 2929.11 sentencing factors. However, the court did not expressly recite the seriousness and recidivism factors in R.C. 2929.12. The court did state that it was giving appellant "consideration because you spared that child from coming in and testifying."

5

**{¶17}** The court next said that consecutive sentences were necessary in this case because appellant satisfied the R.C. 2929.14(C)(4) factors. The court found that appellant committed the offense while under community control sanctions, that at least two or more of the offenses were committed as part of one or more courses of conduct, the harm caused was so great or unusual that no single prison term adequately reflected the seriousness of the conduct, and that appellant's "enormous" criminal history demonstrated that consecutive sentences were necessary to protect the public from future crimes.

**{¶18}** The court's sentencing entry recited the R.C. 2929.11 purposes of felony sentencing and R.C. 2929.14 consecutive sentencing findings. However, the entry does not explicitly address the seriousness and recidivism factors contained in R.C. 2929.12.

**{¶19}** In addition, the sentencing entry contains a clerical error, which states that appellant pled guilty to one count of "'Carrying a Concealed Weapon' a felony of the third degree, in violation of R.C. 2923.13." At the plea hearing, appellant entered a plea of guilty to having weapons while under disability. Further, R.C. 2923.13 is the code section for having weapons while under disability. Therefore, the sentencing entry incorrectly identifies Count Four as "Carrying a Concealed Weapon."

**{¶20}** Appellant timely appealed asserting three assignments of error.

### Assignments of Error and Analysis

**R.C. 2929.12 Challenge:**

**{¶21}** Appellant's first assignment of error states:

**{¶22}** "[1.] The trial court erred in sentencing Mr. Dixon to an aggregate term of thirty-eight (38) to forty-two (42) years imprisonment."

6

**{¶23}** Appellant argues that his sentence of 38 to 42 years is inconsistent with the purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Appellant cites R.C. 2953.08(G) as our standard of review for felony sentencing matters.

**{¶24}** However, that statute only applies to challenges to sentences issued under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I). In this assignment, appellant does not challenge his sentence in reference to any of these statutes. *See State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 7. Therefore, R.C. 2953.08(G) is unavailing to appellant's first assignment of error.

**{¶25}** This conclusion is consistent with the conclusions of the Ohio Supreme Court. In reviewing sentencing challenges relating to R.C. 2929.11 and R.C. 2929.12, this court previously followed the Supreme Court of Ohio's language in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 which stated:

> [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum,* at ¶ 23.

**{¶26}** However, the Ohio Supreme Court concluded that the above language was dicta. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, ¶ 27. In *Jones*, the court held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported

7

by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. "Therefore, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *Shannon, supra*, at ¶ 10, quoting *Jones* at ¶ 29.

{¶27} Thus, under *Jones*, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court "must simply analyze whether those sentences are contrary to law." *Id.* at ¶ 11. *Jones* offered that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' *e.g., Black's Law Dictionary* 328 (6th Ed. 1990)." *Id.* at ¶ 34. However, Jones held that the phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.*

{¶28} Although R.C. 2953.08(G) does not avail appellant, R.C. 2929.12 requires the trial court to consider the seriousness and recidivism factors set forth in that statute. Appellant argues that the trial court failed to consider these factors. R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 37, quoting R.C. 2929.12(A). "'In exercising that discretion, the court shall consider', along with any other 'relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.

8

2929.12." *Id.,* quoting R.C. 2929.12(A). "These statutory sections provide a nonexclusive list for the court to consider." *State v. Houk*, 11th Dist. Lake No. 2021-L-077, 2021-Ohio-4618, ¶ 28, citing *Foster* at ¶ 37.

{¶29} "The trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." *Id.* at ¶ 29, citing *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 52; R.C. 2929.12(A). "The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty." *Id.,* citing *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶30} Appellant rightly argues that the trial court did not mention R.C. 2929.12 or the seriousness and recidivism factors at the sentencing hearing or in its judgment entry. He therefore believes that this omission signifies that the trial court did not consider the factors as required by statute. However, "[e]ven a 'silent record raises the presumption' that the sentencing court considered all relevant factors." *Id.* quoting *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. This court has held "that even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24. Consideration of the factors "can be presumed unless the defendant affirmatively shows to the contrary." *Foster, supra*, at ¶ 8. "A trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not

sufficient to affirmatively demonstrate that the court did not comply with the statutes." *State v. Claar*, 11th Dist. Portage No. 2020-P-0058, 2021-Ohio-2180, ¶ 11.

**{¶31}** Although the trial court did not expressly address the seriousness and recidivism factors set forth in R.C. 2929.12, appellant has not affirmatively demonstrated that the trial court failed to comply with that statute. Appellant argues that "a majority of the R.C. 2929.12(B) factors indicate that his conduct was not more serious than conduct normally constituting the offense." However, the factors listed in R.C. 2929.12 are nonexclusive and are not intended to suggest that a crime will only be "more serious" when a majority of the factors are present. Nor does it suggest a crime is not "more serious" when any one or all factors are present. The statute requires the court to consider the applicable factors based on the facts of the case before it.

**{¶32}** Appellant also argues that the trial court only considered his taking responsibility for his actions while not considering other mitigating factors such as his remorse, suffering from mental health issues, a difficult childhood, substance abuse history, and lack of formal education.

**{¶33}** Here, appellant has not affirmatively shown that the trial court sentenced him without due consideration of the R.C. 2929.12 factors. Appellant pled guilty to aggravated burglary involving two minor children and pled guilty to two counts of felonious assault where appellant shot and injured two police officers. The victim statements spoke to both the physical and mental injury each of the victims suffered and continue to suffer. *See* R.C. 2929.12(B)(1) and (2). R.C. 2929.12(B)(1) also considers whether the minor victims' mental suffering "was exacerbated because of the physical or mental condition or age of the victim[s]." R.C. 2929.12(B)(1). The court said to appellant: "Do you know

10

that they are going to have to live with that incident the rest of their lives? These officers are trained to risk their lives. Unfortunately, that child was not trained to risk her life and you put her in that position." The court also said that "you might've murdered one of these officers." The court specifically addressed that the burglary resulted in the eviction of the occupants, which caused them to become homeless for a period of time, thus causing "serious * * * economic harm as a result of the offense." R.C. 2929.12(B)(2).

**{¶34}** In the absence of an affirmative showing to the contrary, we find no error in the court's sentence as it relates to the consideration of these factors.

**{¶35}** Accordingly, appellant's first assignment of error is without merit.

## Consecutive Sentences:

**{¶36}** Appellant's second assignment of error states:

**{¶37}** "[2.] The trial court erred in sentencing Mr. Dixon to serve consecutive sentences."

**{¶38}** Appellant next challenges the trial court's imposition of consecutive sentences. There are two ways an appellant can challenge consecutive sentences on appeal. *State v. Lewis*, 11th Dist. Lake No. 2001-L-060, 2002-Ohio-3373, ¶ 6. First, the appellant may argue that the sentencing court failed to state the findings for consecutive sentences R.C. 2929.14(C)(4) requires. *State v. Torres*, 11th Dist. Lake No. 201-L-122, 2003-Ohio-1878, ¶18; R.C. 2953.08(G)(1). Second, an appellant may argue that the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences. *State v. Lewis*, at ¶ 7; R.C. 2953.08(G)(2)(a).

**{¶39}** When ordering consecutive sentences for multiple offenses, R.C. 2929.14(C)(4) requires a sentencing court to make three statutory findings:

Case No. 2021-P-0114

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following
>
> > (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> >
> > (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> >
> > (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).

{¶40} The sentencing court is required to make the required statutory findings "both at the sentencing hearing and in the sentencing entry." *State v. Beasley*, 153 Ohio St. 3d 497, 2018-Ohio-493, 108 N.E.3d 1028, at ¶ 253. When there is a discrepancy between the sentencing hearing and the sentencing entry, a nunc pro tunc order may be necessary to reflect what the sentencing court actually decided. *Id.* at ¶ 255, ¶ 261, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St. 3d 158, 164, 656 N.E. 2d 1288 (1995); *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. But a nunc pro

12

tunc order is only necessary when the sentencing entry omits a required finding that was made at the sentencing hearing. *Beasley*, at ¶ 256.

**{¶41}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

**{¶42}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * that the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). A sentence is contrary to law when the court fails to make the required findings for consecutive sentences. *State v. Barajas-Anguiano*, No. 2017-G-0112 11th Dist. Geauga 2018-Ohio-3440, ¶ 19.

**{¶43}** Here, appellant concedes that the trial court recited the statutory language of R.C. 2929.14(C)(4) at his sentencing hearing and in the sentencing entry, but he argues that the record does not clearly and convincingly support the finding of consecutive terms of imprisonment. We disagree. The record reflects that consecutive sentences were necessary to protect the public from future crimes and to punish the defendant.

**{¶44}** At the sentencing hearing and in the court's sentencing entry, the court made a finding that the "consecutive sentence was necessary to protect the public from future crime or to punish the defendant; that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public." The court also found that appellant was under community control sanctions at the time of the offense. This plainly satisfied R.C. 2929.14(C)(4)(a).

13

The court made additional findings as to section R.C. 2929.14(C)(4)(b) and (c). While the court did not state the reasons for supporting these findings. The court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

**{¶45}** Appellant seeks to compel the trial court to do something not required by law when he states that consecutive sentences were improper because of the trial court "failing to incorporate the evidence to support the court's findings * * *." This reverses the standard of review and would require the record to clearly and convincingly support the imposition of consecutive sentences.

**{¶46}** It is appellant who must clearly and convincingly demonstrate that the record does not support consecutive sentences. However, appellant's arguments against the imposition of consecutive sentences are conclusory and do not offer or point to evidence in the record to show that the court was wrong to impose consecutive sentences. Therefore, appellant has failed to clearly and convincingly demonstrate that the record does not support imposing consecutive sentences.

**{¶47}** Accordingly, appellant' second assignment of error is without merit.

**The Reagan Tokes Law and Ineffective Assistance of Counsel:**

**{¶48}** Appellant's third assignment of error states:

**{¶49}** "[3.] Trial counsel was ineffective for failing to preserve the issue of unconstitutional sentencing under the Regan Tokes Law precluding Mr. Dixon from raising the issue on appeal."

**{¶50}** Appellant's third assignment of error asserts that his trial counsel rendered ineffective assistance of counsel by failing to object to the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Appellant believes he suffered prejudice by this failure

14

because he argues that the Reagan Tokes Law is ripe for review and is unconstitutional. He asserts that the law violates the separation of powers and his due process rights.

**{¶51}** In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland,* at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, at 697.

**{¶52}** An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story,* at ¶ 49, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v.*

15

*Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

**{¶53}** This Court has recently held that the Reagan Tokes Law is constitutional. *See State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce,* 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370. "Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court." *State v. Maddox,* 6th Dist. Lucas, No. L-19-1253, 2022-Ohio-1350 at ¶ 11; *accord State v. Williams*, 5th Dist. Coshocton No. 2021CA0003, 2022-Ohio-2002, ¶ 15; *State v. Leamman*, 2nd Dist. Champaign No. 2021-CA-30, 2022-Ohio-2057, ¶ 14; *State v. Philpot*, 8th Dist. Cuyahoga No. 110828, 2022-Ohio-1499, ¶ 33; (all holding R.C. 2967.271 constitutional and therefore finding no demonstration of prejudice).

**{¶54}** We find that appellant has not presented a meritorious ineffective assistance of counsel claim.

**{¶55}** Accordingly, appellant's third assignment of error is without merit.

**Nunc Pro Tunc Sentencing Entry:**

**{¶56}** Finally, although not raised by appellant, the trial court's sentencing entry contains a clerical error, which states that appellant pled guilty to one count of "'Carrying a Concealed Weapon' a felony of the third degree, in violation of R.C. 2923.13." At the plea hearing, appellant entered a plea of guilty to having weapons while under disability.

16

Case No. 2021-P-0114

R.C. 2923.13 is the code section for having weapons while under disability. Therefore, the sentencing entry incorrectly identifies Count Four as "Carrying a Concealed Weapon."

{¶57} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." Courts have held that a nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the sentencing hearing. *See, e.g., State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 21; *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 WL 1708508, *2 (Nov. 13, 2000).

{¶58} Accordingly, the trial court is ordered to issue a nunc pro tunc entry to correctly identify that appellant pled guilty to one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13.

{¶59} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed, and this matter is remanded for the issuance of a nunc pro tunc entry.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.