[Cite as *State v. Reese*, 2024-Ohio-210.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-T-0060** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| THOMAS JAMES REESE, | Trial Court No. 2001 CR 00554 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: January 22, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and Ryan *J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Thomas James Reese*, pro se, PID# A430-787, Trumbull Correctional Institution, 5701 Burnett Street, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}   In 2002, the Trumbull County Court of Common Pleas sentenced appellant, Thomas Reese, on four felony and two misdemeanor counts. On appeal to this Court, we vacated his convictions. *State v. Reese*, 11th Dist. Trumbull No. 2002-T-0068, 2004-Ohio-341. The State appealed and the Ohio Supreme Court reversed our decision and reinstated appellant's "convictions and sentence." *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983, ¶ 20.

{¶2} In 2023, appellant filed a Crim.R. 36 "Motion to Correct" the 2002 sentencing judgment entry. He asserted that said entry contains a clerical error that results in him serving 25 years in prison on four felony counts (two of which the trial court merged for sentencing purposes), rather than 23 years. Appellant did not make this challenge in his prior appeal to this Court or on cross-appeal in the Ohio Supreme Court. The trial court overruled appellant's motion to correct the 2002 judgment entry of sentence, which ruling is the subject of this appeal.

{¶3} Having reviewed the record and applicable caselaw, we are unable to discern that the 2002 judgment entry of sentence contained a clerical error that would warrant the corrective relief appellant seeks. First, the docket reflects that a transcript was prepared when this case was first appealed in 2002. However, a handwritten note on the docket indicates the transcript cannot be located. The lack of transcript prevents us from ascertaining whether the judgment entry of sentence accurately reflected the trial court's pronouncements at the sentencing hearing, or if the judgment entry of sentence differs from the court's pronouncement at the sentencing hearing. Second, while it is not the picture of clarity the State asserts it to be, the 2002 judgment entry sentencing appellant to 25 years in prison is voidable, but not void, and the doctrine of res judicata bars appellant's current claim because of his failure to assert a substantive error regarding his sentencing on his direct appeal in 2004.

{¶4} Therefore, we affirm the judgment of the Trumbull County Court of Common Pleas.

2

**Substantive and Procedural History**

{¶5} On September 19, 2001, appellant was indicted on the following: Count 1: Felonious Assault; Count 2: Felonious Assault; Count 3: Attempted Murder; Count 4: Attempted Murder; Count 5: Criminal Damaging; and Count 6: Aggravated Menacing. Appellant waived jury trial rights and represented himself in his trial. Trial commenced on April 29, 2002, and the trial court found appellant guilty on all counts.

{¶6} However, the court's sentencing entry states that on May 7, 2002, the trial court sentenced appellant as follows:

> Seven (7) years on Count 1; seven (7) years on Count 2; nine (9) years on Count 3; nine (9) years on Count 4; six (6) months on Count 5; and six (6) months on Count 6. Counts 1, 2, & 3 to run consecutive to each other for a total of 25 years. Counts 2 & 4 to merge together and Counts 5 & 6 to run concurrent to each other * * *.

{¶7} On June 29, 2023, appellant filed a pro se Motion to Correct Judgment Entry arguing that the trial court committed a clerical error in its judgment entry of sentence and that the "total prison term should have been twenty-three (23) years, not twenty-five (25) years." The State opposed the motion.

{¶8} Appellant timely filed this pro se appeal, raising one assignment of error.

**Assignments of Error and Analysis**

{¶9} Appellant's assignment of error states:

{¶10} "[1.] The trial court erred in overruling Appellant's motion to correct judgment entry, in violation of his due process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."

{¶11} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from

3

Case No. 2023-T-0060

oversight or omission * * * at any time." A nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the sentencing hearing. *State v. Dixon*, 11th Dist. Portage No. 2021-P-0114, 2022-Ohio-4158, ¶ 57, citing *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016- Ohio-3320, ¶ 21; *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 WL 1708508, *2 (Nov. 13, 2000). Sadly, we cannot discern directly what the trial court did at the sentencing hearing because we have no transcript of it. "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken." *McKay v. McKay*, 24 Ohio App.3d 74, 75, 493 N.E.2d 317 (11th Dist.1985). But, we cannot discern what the court actually decided.

{¶12} We do have, at least, a clue. In its order denying appellant's "Motion to Correct," the trial court said this:

> Defendant claims that his total prison term should have been 23 years rather than 25 years because the prison terms stated for Count 1 (7 years), Count 2 (7 years), and Count 3 (9 years), which were to run consecutive to one another, add up to 23 years, rather than the 25 years stated in the Entry. The Entry, however, also stated that Count 2 (7 years) and Count 4 (9 years) were merged together for sentencing, and it is therefore clear that the 25 year total prison term was the result of the Court's use of the longer sentence from the two merged counts.

4

**{¶13}** The fundamental problem and source of confusion is that the trial court issued a sentence on both Counts 2 and 4 despite ostensibly merging those counts. Although a defendant may be indicted, tried, and found guilty on allied offenses of similar import, under R.C. 2945.25 a defendant "may be sentenced on only one of the allied offenses." *Id.* at ¶ 17; *City of Maumee v. Geiger*, 45 Ohio St.2d 238, 244, 344 N.E.2d 133 (1976). "Where an offence forms but one transaction, and the indictment containing several counts on which the jury have returned a verdict of guilty, it is error in the court to sentence on each count separately." *Woodford v. State*, 1 Ohio St. 427 (1853), paragraph three of the syllabus.

**{¶14}** The merger of offenses is a protection against multiple sentences. *Whitfield* at ¶ 18. It is the State "that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses." *Id.* at ¶ 20. "When the state elects which of the two allied offenses to seek sentencing for, the court must accept the state's choice and merge the crimes into a single conviction for sentencing and impose a sentence that is appropriate for the merged offense." (Citation omitted.) *Id.* at 24.

**{¶15}** Appellant convincingly argues that the trial court's judgment entry of sentence was irregular. The trial court imposed consecutive sentences on Counts 1, 2 and 3, which total 23 years. The trial court did not impose a consecutive sentence on Count 4. The trial court also appears to have improperly imposed sentence on both Counts 2 and 4, rather than merely imposing sentence for the count on whichever the State elected to proceed to sentencing and merging the other count. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24. Had the trial court and the State appropriately engaged in the merger exercise, appellant would not have

5

Case No. 2023-T-0060

received a seven-year sentence on Count 2 and a nine-year sentence on Count 4. The State would have elected one of those two counts to proceed to sentencing and the trial court would have imposed but a single sentence.

{¶16} Thus, the trial court's "clarifying" 2023 judgment entry does not accord with the established procedure set forth in R.C. 2941.25 because it states that the court imposed sentence on both merged Counts 2 and 4. Our review is also hampered by the lack of transcript, which prevents us from ascertaining whether the judgment entry of sentence accurately reflected the trial court's pronouncements at the sentencing hearing, or if the judgment entry of sentence differs from the court's pronouncement at the sentencing hearing. We also cannot determine whether the State invited the erroneous judgment entry by electing to proceed to sentencing on both Counts 2 and 4, despite their merger. Be that as it may, a court speaks through its journal entries, and we must address the entry before us. *State v. Liddy*, 2022-Ohio-4282, 202 N.E.3d 172, ¶ 64 (11th Dist.), citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924. ¶ 12.

{¶17} Because the court's judgment entry of sentence did not accord with the procedure set forth in R.C. 2941.25, it was plainly erroneous. Therefore, appellant's requested relief of a nunc pro tunc entry is not appropriate because any corrections would go beyond merely correcting clerical mistakes, oversights, or omissions. Ordinarily, "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22.

6

**{¶18}** However, the State correctly notes that defects in a sentencing entry are voidable, rather than void. *State v. Gross*, 11th Dist. Lake No. 2021-L-042, 2021-Ohio-3289, ¶ 21 (When a court has subject matter jurisdiction to act, any error in the exercise of that jurisdiction is voidable, not void.). "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26, citing *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12.

**{¶19}** "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.* at ¶ 26. When a judgment is voidable, the doctrine of res judicata bars a party from raising claims that could have been raised before the trial court or on direct appeal. *State v. Hall,* 11th Dist. Trumbull No. 2020-T-0031, 2021-Ohio-791, quoting *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 19. This rule "secures parties' expectations in the finality of a judgment." *Henderson* at ¶ 19.

**{¶20}** Here, the trial court possessed both personal and subject-matter jurisdiction over appellant and his case. *See Id.* at ¶ 35-36. Further, "claims of merger and consecutive sentence findings are voidable sentencing errors that must be raised on direct appeal." *Gross* at ¶ 26. Appellant was represented by counsel and had a full opportunity to challenge his sentence upon direct appeal two decades ago. However, he failed to do so. The result of this failure is that his claim is now barred by the doctrine of res judicata. *Id.* at ¶ 22. Finally, the plain error standard in Crim.R. 52(B) is only available upon direct appeal and does not overcome the doctrine of res judicata. *State v. Lusane*, 11th Dist. Portage No. 2019-P-0056, 2019-Ohio-5058, ¶ 4; *State v. Dominguez*, 2d Dist.

7

Montgomery No. 26853, 2016-Ohio-5051, ¶ 10 (res judicata precludes consideration of an allied-offense argument, even in the context of plain error, because it could have been raised on direct appeal).

{¶21} Accordingly, appellant's sole assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

8