**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Reese v. Davis*, **Slip Opinion No. 2024-Ohio-5755.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5755

REESE *v*. DAVIS, WARDEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Reese v. Davis*, Slip Opinion No. 2024-Ohio-5755.]**

*Habeas corpus—Petitioner has served maximum prison sentence of 23 years and is entitled to immediate release—Writ granted.*

(No. 2024-1138—Submitted October 29, 2024—Decided December 10, 2024.)

IN HABEAS CORPUS.

————————————

DONNELLY, J., announcing the judgment of the court, with an opinion joined by STEWART and BRUNNER, JJ. KENNEDY, C.J., concurred in judgment only, with an opinion joined by BRUNNER, J., except for paragraph 16. FISCHER, J., dissented. DEWINE, J., dissented with an opinion joined by DETERS, J.

**DONNELLY, J.**

{¶ 1} Petitioner, Thomas Reese, seeks a writ of habeas corpus to obtain his release from Trumbull Correctional Institution, where he is in the custody of

respondent, Warden Anthony Davis. Reese contends that he is entitled to immediate release because he has completed his sentence. We agree with Reese and grant the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

*Reese's Convictions and Direct Appeal*

{¶ 2} Following a bench trial in the Trumbull County Court of Common Pleas, Reese was convicted in May 2002 on two counts of felonious assault, two counts of attempted murder, and one count each of criminal damaging and aggravated menacing. The trial court sentenced Reese as follows:

> It is therefore ORDERED, ADJUDGED and DECREED that the Defendant serve a stated prison term of seven (7) years on Count 1, seven (7) years on Count 2, nine (9) years on Count 3, nine (9) years on Count 4, six (6) months on Count 5, and six (6) months on Count 6. Counts 1, 2 & 3 to run consecutive to each other *for a total of 25 years*. Counts 2 & 4 *to merge together* and Counts 5 & 6 to run concurrent to each other, none of which is a mandatory prison term
> . . . .

(Capitalization in original and emphasis added.) Reese also received 297 days of jail-time credit.

{¶ 3} At least two errors are immediately apparent when reviewing the sentencing entry. First, the entry states that the consecutive sentences for counts 1 through 3 total 25 years, which is an erroneous calculation. Second, the trial court purported to merge counts 2 and 4, yet the entry imposes a prison term for each count. Under R.C. 2941.25(A), which codifies the merger-of-offenses doctrine, a defendant "may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses." *State v. Whitfield*, 2010-Ohio-2,

¶ 16-17. Rather than merging the counts, the trial court sentenced Reese on both counts 2 and 4. The trial court did not include count 4 as one on which it was sentencing Reese.

{¶ 4} Reese did not raise these sentencing issues in his direct appeal. Reese's sole assignment of error on appeal related to the trial court's alleged failure to strictly comply with R.C. 2945.05 before accepting his waiver of his right to a jury trial. *See State v. Reese*, 2004-Ohio-341, ¶ 10 (11th Dist.). The court of appeals agreed with Reese and reversed his convictions. *Id.* at ¶ 28. This court reversed the court of appeals' judgment on appeal and reinstated Reese's convictions. *State v. Reese*, 2005-Ohio-3806, ¶ 1, 20.

*Postconviction Attempt to Correct the Sentence*

{¶ 5} In 2023, Reese attempted to have the sentencing entry's recitation of a 25-year aggregate sentence corrected through a Crim.R. 36 motion to correct the judgment entry. The trial court denied the motion, explaining that it was "'clear that the 25-year total prison term was the result of the Court's use of the longer sentence [i.e., 9-year sentence on count 4] from the two merged counts.' " *State v. Reese*, 2024-Ohio-210, ¶ 12 (11th Dist.), quoting trial court's judgment entry denying Reese's motion. This explanation is dubious in that the trial court did not include the sentence for count 4 as one of the individual sentences making up the aggregate.

{¶ 6} On appeal, the court of appeals affirmed the denial of Reese's motion. *Id.* at ¶ 22. The court of appeals acknowledged that the trial court's sentencing entry "was irregular," *id.* at ¶ 15, and that the trial court's explanation for denying Reese's motion demonstrated that the sentence was "plainly erroneous" under R.C. 2941.25, *id.* at ¶ 17. The court of appeals also noted that it could not correct the judgment entry under Crim.R. 36 "because any corrections would go beyond merely correcting clerical mistakes, oversights, or omissions." *Id.* at ¶ 17. The court of appeals determined that the erroneous sentencing entry was voidable and

could have been cured on direct appeal. *Id.* at ¶ 19. We declined to accept Reese's jurisdictional appeal. *State v. Reese*, 2024-Ohio-1577.

*Reese Seeks Relief in Habeas Corpus*

**{¶ 7}** Reese filed this action on August 8, 2024. He contends that the consecutive terms imposed for counts 1, 2, and 3 result in a total prison sentence of 23 years. And when considering the 297 days of jail-time credit to which he is entitled, Reese alleges that his 23-year sentence expired on June 29, 2024. Reese therefore asks for a writ of habeas corpus directing the warden to release him from prison.

**{¶ 8}** We ordered a return of writ. 2024-Ohio-3227. The warden timely filed a return and argued that Reese is lawfully imprisoned under an unexpired sentence and that his claim is barred by the doctrine of res judicata. Reese did not respond to the return.

**ANALYSIS**

**{¶ 9}** To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available when the petitioner's maximum sentence has expired and he is being held unlawfully. *See State ex rel. Oliver v. Turner*, 2018-Ohio-2102, ¶ 17 (granting writ of habeas corpus when petitioner had served maximum sentence). A writ of habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law unless the trial court's judgment is void for lack of jurisdiction. *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8-9.

**{¶ 10}** In his return of writ, the warden argues that Reese cannot obtain a writ of habeas corpus because sentencing errors are not jurisdictional. And because sentencing errors are not jurisdictional, the warden contends, they are not cognizable in habeas corpus because an appeal is an adequate remedy to correct the

errors. This argument is correct as a general rule. But this is not a case in which the claim to release is premised on an argument that the sentence is invalid in some respect. Rather, Reese's claim presumes that his sentencing entry is valid and need only be applied. That is, Reese argues that under a straightforward mathematical calculation of the consecutive sentences imposed by the trial court, he has served his maximum sentence of 23 years.

{¶ 11} We agree with Reese—a rare circumstance with respect to habeas petitions. Petitioners have filed 344 petitions for a writs of habeas corpus since January 1, 2019. We granted the writ one other time during that period, well under 1 percent of the petitions filed. *See Mohamed v. Eckelberry*, 2020-Ohio-4585. To be fair, many of those petitions were frivolous. But, as Reese's petition shows, not all habeas petitions are frivolous. Too often, we look for ways to dispense with habeas claims. Consider, for example, the dissent in this case and consider *Collins v. Hooks*, 2019-Ohio-1463, in which this court dismissed the petition even though ordering a return of the writ could have cleared up an ambiguity that quite likely cost Collins three additional years in prison beyond his 10-year sentence. *See id.* at ¶ 11 (Donnelly, J., dissenting). Because the constitutional right to liberty is at stake, habeas petitions should be treated with great care to ensure that we do not allow imprisoned persons to be held beyond their lawful terms.

{¶ 12} As noted above, the trial court's entry purported to impose a 25-year aggregate sentence even though the individual consecutive sentences making up the aggregate sentence added up to only 23 years. The only sentences that matter in this case are the individual ones imposed on counts 1, 2, and 3; the trial court's statement that it imposed an aggregate sentence of 25 years is irrelevant.

{¶ 13} The fact that the trial court purported to impose a separate nine-year sentence on count 4 and merge it into the seven-year sentence on count 2 was "irregular," *Reese*, 2024-Ohio-210, at ¶ 15, but is ultimately of no significance for purposes of our analysis in this case. Regardless of what sentence the trial court

stated it was imposing on count 4, the sentencing entry states unequivocally on its face that the trial court sentenced Reese only on counts 1, 2, and 3—which total 23 years. For this reason, there is no sentencing error that Reese had to—or even could—appeal. On the face of the sentencing entry, Reese was required to serve only 23 years in prison. And having served his maximum sentence of 23 years, Reese is now entitled to immediate release. *See Oliver*, 2018-Ohio-2102, at ¶ 17.

{¶ 14} The warden raises the additional argument that Reese's habeas claim is barred by the doctrine of res judicata. The warden posits that Reese has already litigated his claim that the sentencing entry was erroneous and that he therefore may not obtain another review of the same issue through the extraordinary writ of habeas corpus. This argument lacks merit because it relies on the erroneous premise that Reese is seeking review of a sentencing error. As explained above, Reese is arguing something quite different: he is asking this court to apply the sentencing entry as written, which indicates a 23-year sentence. Because Reese has served 23 years in prison, he argues, he is entitled to immediate release. Reese has not previously raised a claim that he is entitled to release because he has served his maximum sentence; thus, the doctrine of res judicata is inapplicable here.

## CONCLUSION

{¶ 15} Reese has served his sentence and is entitled to immediate release from prison. We therefore grant the writ of habeas corpus.

Writ granted.

———————————

**KENNEDY, C.J., joined by BRUNNER, J., except for paragraph 16, concurring in judgment only.**

{¶ 16} Because I disagree with much of the majority's analysis, I concur in judgment only.

{¶ 17} The trial court sentenced petitioner, Thomas Reese, to serve consecutive prison terms of seven years on Count 1, seven years on Count 2, and

nine years on Count 3. (The court merged or ran concurrently other sentences, but only these three matter.) Adding up the relevant sentences, the court imposed an aggregate sentence of 23 years in prison. However, the court incorrectly stated in its entry that the individual sentences add up to 25 years.

{¶ 18} So what sentence did the trial court actually impose—23 or 25 years? Ohio does not follow the sentencing-package doctrine, which requires the sentencing court "to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon*, 2006-Ohio-1245, ¶ 5. Instead, Ohio courts impose sentences on an offense-by-offense basis; Ohio sentencing law "makes no provision for grouping offenses together and imposing a single, 'lump' sentence for multiple felonies." *Id.* at ¶ 8. Consequently, the only sentences that matter in this case are the individual ones imposed on each count—the trial court's statement that it imposed an aggregate sentence of 25 years is irrelevant. For this reason, there is no sentencing error that Reese had to—or even could—appeal. On the face of the sentencing entry, Reese had to serve only 23 years in prison.

{¶ 19} Reese has therefore served his sentences, and he is entitled to immediate release from prison. The great writ of habeas corpus ensures that his release happens.

{¶ 20} The dissent, however, would apply the doctrine of res judicata and deny the writ. However, this court has explained that

> [r]es judicata is a rule of fundamental and substantial justice, *see State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, citing *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103, that " 'is to be applied in particular situations as fairness and justice require, and that * * * is

> not to be applied so rigidly as to defeat the ends of justice or so as
> to work an injustice.' "

(Ellipsis added in *Simpkins* and emphasis omitted.) *State v. Simpkins*, 2008-Ohio-1197, ¶ 25 (overruled on other grounds by *State v. Harper*, 2020-Ohio-2913, ¶ 5), quoting *Grava v. Parkman Twp.*, 1995-Ohio-331, ¶ 27 (Douglas, J., dissenting), quoting 46 Am.Jur.2d, Judgments, § 522, at 786-787 (1994).

{¶ 21} We reiterated this point in *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, which the dissent cites. We said, "'The doctrine [of res judicata] should be . . . rejected when its application would . . . result in a manifest injustice.' " *Id.* at ¶ 18, quoting *Jacobs v. Teledyne, Inc.*, 39 Ohio St.3d 168, 171 (1988).

{¶ 22} So, the question the court must answer today is whether a judicial doctrine will prevail when it is known that an individual has completely served the term of incarceration imposed by the sentencing court. It cannot. At stake here is the most basic liberty interest—a person's freedom from imprisonment. When that liberty interest is weighed against judicial notions of finality, finality must take a second seat.

{¶ 23} This is not even a close question. Here, the sentencing entry plainly imposes a sentence of 23 years. To require Reese to serve an additional two years in prison would be a miscarriage of justice, and res judicata does not require this court to participate in it.

{¶ 24} I therefore concur in the court's judgment granting the writ and ordering Reese's release.

——————————

**DEWINE, J., joined by DETERS, J., dissenting.**

{¶ 25} This case is straightforward. Thomas Reese is currently serving a 25-year sentence in the custody of Warden Anthony Davis. In Reese's view, the

25-year sentence is the result of a sentencing error. Reese now asks us for a writ of habeas corpus based on that error. Specifically, he argues that his sentence was only 23 years, not 25, and that it has already expired. But straightforward application of the doctrine of res judicata bars him from making that argument in this petition for a writ of habeas corpus because he has previously litigated that claim to a final judgment.

{¶ 26} A majority of the justices of this court breeze past the res judicata effect of the previous final judgment to grant Reese his writ. Doing so is contrary to Ohio law and dismissive of the judgments of Ohio courts. Because we are bound by Ohio law to respect the final judgments of Ohio courts, and because an Ohio court has rendered a final judgment that decided the only issue in this case, I would deny Reese's petition for a writ of habeas corpus.

### *Background*

{¶ 27} In 2002, Reese was convicted after a bench trial of two counts of felonious assault, two counts of attempted murder, one count of criminal damaging, and one count of aggravated menacing. The trial court sentenced him as follows:

> It is therefore ORDERED, ADJUDGED and DECREED that the Defendant serve a stated prison term of seven (7) years on Count 1, seven (7) years on Count 2, nine (9) years on Count 3, nine (9) years on Count 4, six (6) months on Count 5, and six (6) months on Count 6. Counts 1, 2 & 3 to run consecutive to each other for a total of 25 years. Counts 2 & 4 to merge together and Counts 5 & 6 to run concurrent to each other, none of which is a mandatory prison term . . . .

(Capitalization in original.) He directly appealed to the Eleventh District, arguing that the trial court did not properly accept his waiver of a jury trial. *State v. Reese*,

2004-Ohio-341, ¶ 8-9 (11th Dist.). The Eleventh District agreed and vacated his convictions and sentence "of twenty-five years on all counts," *id.* at ¶ 7. *See id.* at ¶ 28. The State appealed that judgment to this court, and we reversed the Eleventh District and "reinstate[d] Reese's convictions and sentence." *State v. Reese*, 2005-Ohio-3806, ¶ 20.

{¶ 28} In 2019, Reese filed a motion for resentencing, arguing that the trial court failed to merge allied offenses in his sentence. *State ex rel. Reese v. Logan*, 2019-Ohio-3447, ¶ 3 (11th Dist.). The trial court denied that motion. He then filed two motions for final, appealable orders, arguing that the trial court failed to issue a final sentence by failing to impose proper postrelease control. *Id.* The trial court denied those motions, too. Reese then brought a mandamus action in the Eleventh District, asking that court to order the trial judge to conduct a new hearing to impose proper postrelease control. *Id.* at ¶ 4. Notably, Reese did not object to the trial judge's denial of his motion for resentencing for failure to merge allied offenses; the only issue that he raised in his mandamus action was the trial court's failure to impose proper postrelease control. *See id.* at ¶ 5, fn. 1. The Eleventh District dismissed his mandamus claim because he had an adequate remedy in the ordinary course of law by way of direct appeal of either his original sentence or the trial court's orders denying his 2019 motions. *See id.* at ¶ 10-12. He did not appeal that judgment to this court.

{¶ 29} In 2023, Reese filed a Crim.R. 36 motion to correct his original sentencing judgment entry. *State v. Reese*, 2024-Ohio-210, ¶ 2 (11th Dist.). In his motion, he argued that the trial court made a clerical error in its judgment entry by purporting to sentence him to an aggregate of 25 years instead of 23. *Id.* Specifically, he argued that the sum of the counts that the trial court was purportedly sentencing him on—7 years for count 1, 7 years for count 2, and 9 years for count 3—is 23 years, not 25. *See id.* at ¶ 7. The trial court denied his motion, explaining that when the trial court merged counts 2 and 4, it actually sentenced Reese to the

longer of the two individual sentences—9 years for count 4, instead of 7 years for count 2—resulting in an aggregate sentence of 25 years. *See id.* at ¶ 12. Reese appealed to the Eleventh District, and it held that the trial court committed a sentencing error. *See id.* at ¶ 13-17. But it held that it couldn't grant Reese the relief he requested in his Crim.R. 36 motion because correcting the trial court's sentencing judgment "would go beyond merely correcting clerical mistakes, oversights, or omissions." *Id.* at ¶ 17. And the Eleventh District further concluded that it couldn't correct the error in the sentencing entry because "defects in a sentencing entry are voidable, rather than void," *id.* at ¶ 18, and that because Reese hadn't challenged the voidable defect in his sentencing judgment in a direct appeal, he was barred by res judicata from later challenging it. *Id.* at ¶ 18-20. Reese appealed the Eleventh District's judgment to this court, but we declined jurisdiction. 2024-Ohio-1577.

{¶ 30} Reese now brings this habeas petition. He argues that according to his original sentencing judgment, his aggregate sentence was 23 years and has expired. He therefore asks for a writ of habeas corpus directing Davis to release him from prison. Davis argues that Reese is lawfully imprisoned under an unexpired 25-year sentence and that his claim is not cognizable in habeas and is barred by res judicata.

### Reese's habeas petition is barred by res judicata

{¶ 31} The lead opinion says the idea that res judicata applies here "lacks merit because it relies on the erroneous premise that Reese is seeking review of a sentencing error." Lead opinion, ¶ 14. But final judgments of Ohio courts are not "erroneous premise[s]." They have the full preclusive effect of res judicata. In its 2023 judgment, the Eleventh District held that the trial court committed a sentencing error in Reese's original sentencing entry and that it was barred by res judicata from correcting it. *See Reese*, 2024-Ohio-210, at ¶ 17-20. We declined to review that judgment. 2024-Ohio-1577. We must therefore recognize its full

preclusive effect under the doctrine of res judicata. And simply applying res judicata disposes of this case.

{¶ 32} Res judicata requires that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 1995-Ohio-331, syllabus. "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." (Cleaned up.) *Brooks v. Kelly*, 2015-Ohio-2805, ¶ 7. That means that all claims that could have been or actually were litigated in a prior action that produced a final judgment are barred from being litigated in later actions. *Id.* That goes for habeas petitions, too: "'A habeas petition that . . . raises issues that were or could have been previously adjudicated by a higher (or indeed, any) court is barred by res judicata.'" *Moore v. Wainwright*, 2020-Ohio-846, ¶ 6, quoting *State ex rel. White v. Nusbaum*, 2018-Ohio-4489, ¶ 9.

{¶ 33} Reese's claim that he was sentenced to 23 years, not 25, was actually litigated in his 2023 Crim.R. 36 case. He makes the same argument today that he made in that case: that his original sentencing judgment contained a mere clerical error because it purported to sentence him to 25 years when the sum of his individual sentences was 23 years. *See Reese*, 2024-Ohio-210, at ¶ 2. The Eleventh District held that it was more than a clerical error because the trial court *actually* sentenced him to 25 years when it sentenced him on both merged counts. *Id.* at ¶ 13-16. Reese appealed that judgment, but we denied jurisdiction to review it. He is therefore barred from relitigating whether he was *actually* sentenced to 23 years or 25. A final judgment from the Eleventh District said that he was actually sentenced to 25 years. That is the law.

{¶ 34} And even if the other opinions in this case are correct that the original sentencing judgment suffered only from superfluous language and that "there [was] no sentencing error that Reese had to—or even could—appeal," lead

12

opinion at ¶ 13; opinion concurring in judgment only, ¶ 18, that changed when the Eleventh District held otherwise. When that judgment became final, it barred all subsequent relitigation of the issue.

**{¶ 35}** The opinion concurring in judgment would refuse to apply res judicata on the basis that it would be unjust to adhere to the prior judgment in this case. But if res judicata only protected the finality of correct judgments, there would be no need for res judicata. Indeed, the opinion concurring in judgment quotes only dicta from an opinion that we have overruled to support its purported exception to res judicata. *See* opinion concurring in judgment only at ¶ 20, citing *State v. Simpkins*, 2008-Ohio-1197, ¶ 25. In *Simpkins*, we held that a sentence was void when the judge had failed to notify the offender about postrelease control and we declined to apply the doctrine of res judicata to prevent the offender's resentencing. *Simpkins* at ¶ 22, 25. But we overruled *Simpkins* and our void-sentence jurisprudence in *State v. Harper*, 2020-Ohio-2913, because that jurisprudence "r[an] counter to the doctrine of res judicata and disrupt[ed] the finality of judgments of conviction," *id.* at ¶ 37.

**{¶ 36}** Just last year, we noted that we "ha[d] yet to apply" the exception relied on by the opinion concurring in judgment only. *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 18. And we held that such an exception will not apply when a party "did not commit bad-faith acts during the course of [previous] litigation," *id.* at ¶ 19. An incorrect judgment is not enough. In other words, "res judicata is not defeated by the fact that the prior judgment 'may have been wrong.' " *State v. Straley*, 2019-Ohio-5206, ¶ 41 (Kennedy, J., concurring in judgment only), quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *accord AJZ's Hauling* at ¶ 19.

**{¶ 37}** "[R]es judicata bars parties from raising claims based on unreasonable or unjust results when the parties had a full and fair opportunity to litigate the issue in the first instance." *AJZ's Hauling* at ¶ 19. Reese has had

multiple full and fair opportunities to litigate the actual length of his sentence—most recently in his 2023 Crim.R 36 case. Res judicata therefore applies. Because res judicata bars us from revisiting the Eleventh District's final judgment, we should dismiss Reese's habeas petition.

### *Sentencing errors are not cognizable in habeas petitions*

{¶ 38} We can't grant a writ of habeas corpus in this case for the additional reason that Reese's petition doesn't present a cognizable claim. As the lead opinion explains, "[a] writ of habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law unless a trial court's judgment is void for lack of jurisdiction." Lead opinion at ¶ 9. Sentencing errors aren't jurisdictional. And as noted above, Reese had the opportunity to challenge the sentencing error in his original direct appeal, in his 2019 motion for resentencing, and in his 2023 Crim.R. 36 case. He has had many opportunities to pursue an adequate remedy in the ordinary course of law, and therefore, a writ of habeas corpus is unavailable to him.

### *Conclusion*

{¶ 39} All that we need to do to decide this case is apply the straightforward rules of res judicata. A majority of the justices of this court refuse to, and grant Reese's petition for a writ of habeas corpus. I would apply them and deny his petition.

—————————

Thomas Reese, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for respondent.

—————————